AARON D. FORD
  Attorney General
ALEXANDER J. SMITH (Bar No. 15484)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Lisa Walsh, Harold Wickham,*
*and Mike Peabody*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK ALAN SPADT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WICKHAM, *et al.,*<br><br>　　　　Defendants. | Case No. 3:19-cv-00343-MMD-CLB<br><br>**DEFENDANTS' MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE BY SIXTY DAYS**<br><br>**(SECOND REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)[1]** |

Defendants, Lisa Walsh, Harold Wickham, and Mike Peabody, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Alexander J. Smith, Deputy Attorney General of the State of Nevada, Office of the Attorney General, hereby move to extend the dispositive motions deadline only by sixty days from today's current deadline of December 20, 2021, until February 18, 2022.

I.　**INTRODUCTION**

As stated in their previous motion (ECF No. 46) to extend the dispositive motions deadline, which Her Honor Magistrate Judge Baldwin granted (ECF No. 47) the same day,

---

[1] The parties have previously stipulated (ECF No. 44) once to extend the scheduling deadlines. This is the second time that Defendants have moved solely to extend the dispositive motions deadline (and not to extend the discovery deadline as well).

Page **1** of **9**

Plaintiff Mark Alan Spadt is no longer in custody and currently resides in Arizona, thus contacting him for the purpose of meeting-and-conferring remains difficult at the best of times, especially when, as indicated in an email from Spadt today, he appears to be struggling with post-incarceration life. On December 16, 2021, counsel for Defendants, Attorney Smith, emailed Spadt at the email address on file and outlined the reasons why Defendants yet again could benefit from additional time to extend the dispositive motions deadline. Attorney Smith received back a bounced email, and after closer examination discovered that he had inadvertently contacted a non-existent address, which failed to include the "t" in Spadt's name. Attorney Smith has once again tried contacting Spadt this evening and has just this minute at 20:40hrs received an email back from Spadt along with a telephone number.

    Speaking candidly and honestly, Spadt explained to Attorney Smith the difficulties that he is having post-release and thanked the latter for his "kind words." Attorney Smith in his original email stated that he needed to know whether Spadt opposes this request. While no direct answer was forthcoming, Spadt has mentioned talking about and discussing his lawsuit and other associated issues, and Attorney Smith shall call him as soon as possible. Because Attorney Smith has finally managed to make contact with Spadt and he appears—based on the email—to be in better health than previously and did not say explicitly that he does not oppose Defendants' moving for an extension, the latter confidently assert that Spadt consents to the granting of this motion, which will allow them both to speak and negotiate over the coming weeks and hopefully come to some sort of resolution short of filing dispositive motions and/or going to trial—an endeavor that, judging by the contents of Spadt's email, which Attorney Smith shall make available to this court (under seal so as to preserve the confidential nature of that communication) if it so wishes and with Spadt's explicit consent—will be close to impossible for Spadt to satisfy because of the distance and other factors mentioned and implied within Spadt's lengthy reply email.

Due to the nature of the request and circumstances, Spadt's previous illness and current problems, and his apparent previous physical inability to propound discovery on Defendants, as well as his not responding to a discovery request from Defendants, Defendants assert with confidence that Spadt will not be prejudiced by the granting of such relief, namely another sixty-day extension of the dispositive motions deadline.

## MEMORANDUM OF POINTS AND AUTHORITIES

### II. LAW AND ARGUMENT

#### A. Rule 6(b), Federal Rules of Civil Procedure.

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Also, *Ahanchian* holds that good cause for extension is a "non-rigorous standard"; a request for an extension of time submitted before the expiration of the applicable deadline *should normally be granted in the absence of bad faith or prejudice to adverse party*. *Ahanchian*, 624 F.3d at 1258–60 (holding that Rule 6(b) is to be liberally construed in accord with Rule 1 to effectuate the general purpose of seeing that cases are tried on merits and to secure just, speedy, and inexpensive determination of every action and proceeding); *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (holding that Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."); *Rodriguez v. Village Green Realty*, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (N.D.N.Y 2014) (observing that there is a strong preference for

1 resolving disputes on its merits and not a technicality). *See generally Moore's Federal Practice*, §6.06[3] (Matthew Bender 3d Ed.).

### B. Local Rules IA 6-1 and 26-3.

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension. Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### C. Good Cause Exists, Thus an Order Should Grant Defendants' Motion for an Extension of the Dispositive Motions Deadline

Here, good cause exists for extending the dispositive motions deadline only for the second time. Defendants intend to move for summary judgment and raise important legal arguments such as whether qualified immunity bars the claims against Defendants, not to mention the other affirmative defenses listed in the answer (ECF No. 25). Specifically, Spadt has apparently failed to exhaust his administrative remedies, all of which appear to have been available to him.

In the alternative, Defendants will argue that there exists no genuine dispute as to any material fact on any of Spadt's claims. Defendants continue to assert that no constitutional violations occurred, thus Defendants are entitled to judgment as a matter of law. Spadt will also benefit from a short, extended period in which to draft and finalize a motion for summary judgment—assuming that Spadt intends to move under Rule 56. Bearing in mind the problems and difficulties he is encountering in life outside custody, a further extension and guarantee to keep in touch with counsel for the defense will only be beneficial and in the best interests of equity, fairness, and justice.

Discovery is mentioned above. On August 18, 2021, Defendant Wickham served on Spadt via email and the United States Postal Service a short set of eleven interrogatories; Attorney Smith only recently assumed responsibility for the defense in this action; he has conducted an exhaustive search of ProLaw and can find no response to those interrogatories. June 10, 2021 is the last date on which, according to ProLaw, the office's legal case database, Spadt emailed the Office of the Attorney General.

Attorney Smith's professional practice is always to speak either with opposing counsel or a pro se litigant whenever he assumes defense responsibilities whether that be in a new action or in a substitution of counsel, but he has, quite simply, never had the opportunity to speak to Spadt, notwithstanding that he has several questions to ask him that are directly relevant to any motion for summary judgment; also, as is always the case before filing a dispositive motion, Attorney Smith contacts the plaintiff for last-ditch settlement talks to see whether any progress can be made outside court. This has been impossible with Spadt because of lack of a telephone number, his living in Arizona, and his unresponsiveness to emails, whatever the reason, and the lack of a response to an important discovery request four months ago.

Worth noting is that as of June 15, 2021, Spadt had not provided any initial disclosures or served any written discovery at all on Defendants (and he still has not to this date); in contrast, although not required by Rule 26, on March 24, 2021, Defendants initially disclosed on Spadt his grievance history, the relevant grievances, his disciplinary file, case notes, advisory committee minutes, and the Investigative Report. (ECF No. 44 at 2). In fact, the reason Defendants initially agreed to stipulate with Spadt to extend the discovery deadline was so that he would have sufficient time to serve initial disclosures and written discovery on Defendants, which has not happened.[2] (ECF No. 44 at 4) If Spadt so desires and the court consents, Defendants will not oppose any re-opening of discovery to remedy any previous deficiencies. And on October 21, 2021, Defendants,

---

[2] Sometime around June 2021, Spadt contacted previous counsel for the defense and explained that he was suffering from a medical issue that required surgery and bed rest; as a result, Spadt requested a continuance of discovery, to which Defendants agreed. (ECF No. 44 at 2)

represented by new, current defense counsel, Attorney Smith, moved for an extension of time, which went unopposed, but Attorney Smith still failed to make contact with Spadt.

Also, as explained previously, due to a change in the method by which cases are allocated among attorneys in the Public Safety Division, Attorney Smith recently inherited a large number of cases with which he has little familiarity, including Spadt's. While he is now familiar with the issues in this action, especially the lack of exhaustion, which in all likelihood is fatal to Spadt's action, a number of Attorney Smith's inherited cases still have imminent pending deadlines or deadlines that are also due within the next several weeks and which defense counsel has most, if not all, of the information he needs on which to draft those various dispositive motions. In addition, Attorney Smith has all the other usual run-of-the-mill responsibilities—such as responding to discovery, opposing motions to compel, opposing motions to enforce settlement agreements, appearing at conferences, etc.—to deal with.

As an example, Attorney Smith has a motion for summary judgment due this evening, which he is finalizing, and a response to a motion for summary judgment due at the same time. Between now and the end of February, he has over half a dozen motions for summary judgment to draft. Several of his approximately fifty or so cases have over half a dozen motions for a preliminary injunction pending too. Despite working long hours to satisfy his professional duty to the court, to the Attorney General, to the Defendants/his clients, and to the interests of justice, Attorney Smith simply needs another brief extension of time, especially considering the discovery and disclosure situation with Spadt and the complete dearth of recent communications between opposing parties. Attorney Smith will arrange a telephonic meet and confer with Spadt now that he finally has a telephone number, has made contact, and is aware of some of Spadt's personal issues, which are not appropriately discussed here, at least not without being filed under seal.

Thus, at this time, on behalf of Defendants, Attorney Smith is simply unable to move for summary judgment and needs an additional sixty days in which to get up to speed with Spadt's personal situation itself, and it might well be the case that for whatever reason,

illness included, Spadt and/or Defendants need to re-open discovery, which will be addressed in a later filing.

In sum, for the reasons stated above and because the parties have not been afforded an opportunity for the last several months to talk, Defendants move for additional time in which to adequately brief the court for summary judgment in this action and so that Attorney Smith can attend to the other imminent deadlines in cases for which he has assumed defense responsibilities. In any event, negotiation talks might prove fruitful and thus negate the need for further judicial intervention: discovery, dispositive motion practice, and possible trial.

### D. The Four Factors Contained Within LR 26-3 are Satisfied[3]

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied. Defendants have completed discovery in this action, and no further discovery is needed. The reasons why Defendants are unable to adhere to the dispositive motions deadline are succinctly and thoroughly elaborated on at length in the preceding paragraphs. No discovery remains, but Defendants move to amend the current dispositive motions deadline by sixty days.

### E. Meet and Confer

As mentioned above in great depth, Attorney Smith has finally made contact with Spadt, and because of the length of time that has elapsed since previous counsel and Spadt communicated—along with Spadt's suffering from a period of illness, which might explain his failure to respond and propound discovery requests, i.e., to prosecute this action—it

---

[3] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, Defendants neither move to extend a discovery deadline nor move to reopen discovery, but because this motion seeks to extend a deadline established by a previous court order, out of an abundance of caution, the factors contained within LR 26-3 are addressed in case the court decides that the four-factor requirement contained within that rule applies in this instance.

appears to Defendants that Spadt consents to the granting of this motion; as explained above, in a rather long email Spadt informed Attorney Smith of his current predicament and never objected to Attorney Smith's clear request for an extension.

## III. CONCLUSION

Defendants demonstrate good cause to extend the dispositive motions deadline by sixty days to February 18, 2022. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the court, and because the Ninth Circuit and other appellate courts prefer to see that cases are tried on the merits and not on a technicality, Defendants respectfully move for a second extension of the dispositive motions deadline from **December 20. 2021**, to **February 18, 2022.**

DATED this 20th Day of December, 2021.

AARON D. FORD
Attorney General

By: /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484)
Deputy Attorney General

*Attorneys for Defendants*

No further extensions of time will be granted absent extraordinary circumstances.

Dated: January 3, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an attorney for Defendants and that on December 20, 2021, I electronically filed the above document via CM/ECF—the court's electronic filing system. Parties that are registered with CM/ECF, the court's electronic filing system, will be served electronically. For those parties not registered, service shall be made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, from Las Vegas, Nevada to the following (and also, because Spadt now appears responsive to email, a copy of this motion shall be emailed to Spadt at the email address below):

Mark Spadt
11747 South Helen Drive
Yuma, Arizona  85367
spadtmark@gmail.com
*Plaintiff, Pro Se*

/s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484)
Deputy Attorney General

*Attorney for Defendants*